## TAYLOR v. SHELL.

### Opinion delivered March 18, 1912.

MORTGAGE—RIGHT TO REDEEM FROM FORECLOSURE SALE.—Where a mortgagor of land died, and thereafter the mortgagee foreclosed the mortgage, and bought in the land, it was not error to permit the mortgagor's heir, before confirmation, to redeem the land from such sale, under Kirby's Dig., section 5420, in the absence of a waiver of the right of redemption by the mortgagor.

Appeal from Grant Chancery Court; *Jethro P. Henderson*, Chancellor; affirmed.

#### STATEMENT BY THE COURT.

George J. Shell and wife executed a deed of trust on certain lands in Grant County, Arkansas, to secure a certain promissory note. Shell and his wife died. The note became due, was not paid, and the payee and beneficiary, appellant herein, foreclosed the deed of trust. The lands were duly sold under the decree of foreclosure, and appellant purchased the lands for $270, which was less than the amount of the debt due her, same being about $295. Appellee, who was an heir of George J. Shell, before the sale was confirmed applied to the court within the time allowed for redemption under mortgages, and asked that he be allowed to pay the sum of $300, and that the land be deeded to him. He alleged in his application that the lands were worth the sum of $500, and that the sale was for an inadequate price. The court accepted a bid of $295, and entered a decree adjudging and holding "that the sale of said lands made to appellant, Mary C. Taylor, be set aside and held for naught, and that the said George T. Shell be declared to be the purchaser thereof at the sum of $295, and said commissioner was ordered and directed to make a deed to the said George T. Shell."

The appellant "excepted to the order and decree of the court in refusing to confirm the report of the commissioner in making sale to her and in refusing to direct a deed made to her

and in setting aside said sale, and in ordering and directing that the bid of George Shell be accepted by said commissioner and said commissioner ordered and directed to make a deed to said appellee, George Shell."

*Crawford & Hooker,* for appellant.

1. In the absence of fraud, irregularity or misconduct, a judicial sale will not be set aside for mere inadequacy of price. 77 Ark. 219; 3 Md. Ch. 377; 117 U. S. 180; 65 Ark. 152; 46 N. J. Eq. 306; 49 Ill. 158; 180 Ill. 627; 80 Mich. 85.

*T. E. Toler,* for appellee.

1. All presumptions are in favor of the correctness of the decree.   45 Ark. 240; 63 *Id.* 513; 64 *Id.* 611; 97 *Id.* 537.

2. The debtor's equity of redemption is always protected in courts of chancery.   Pom. Eq. Jur., note to 1192; 2 Jones on Mortg., § 1671.   Courts permit redemption at any time before confirmation of sale.   41 Neb. 867; 55 Ark. 307; 32 *Id.* 391.

3. On payment of debt, interest and costs, appellee was entitled to redeem.   Kirby's Dig., § 5420; 57 Ark. 198; *Id.* 536.

WOOD, J., (after stating the facts). In the absence of a showing to the contrary, it will be presumed that the decree of the court was correct.

There is nothing in the record as abstracted by appellant to show that the grantors in the deed of trust waived their right to redeem under section 5420, Kirby's Digest. Assuming that such right had not been waived, the decree of the court is correct. For, in the absence of such showing, the decree should be treated as granting to appellee redemption from the sale. The decree giving him such right was entered before the sale was confirmed.

It matters not in what form the application of appellee for redemption was couched, unless the grantors in the deed of trust had waived their right of redemption, appellee would be entitled to it, and the decree of the court granting such rights will not be reversed because of informalities in the petition of the applicant.

The decree of the court, for aught that appears to the contrary in the record, was tantamount to allowing appellee the right to redeem, and, so treated, it is correct, and it is unneces-

sary for us to consider the question of whether or not the sale should have been confirmed to appellant as urged in her brief.

The judgment is affirmed.